KAREN P. HEWITT
United States Attorney
SANDRA B. RIGGS
Special Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Court No. srA5500943
Telephone: (619) 557-6958
Facsimile: (619) 557-5004
Email: Sandra.Riggs2@usdoj.gov
Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>4.32 ACRES OF LAND, MORE OR LESS, SITUATE IN IMPERIAL COUNTY, STATE OF CALIFORNIA; and ESTATE OF HENRIETTA C. VISBEEK A/K/A HENRIETTA C. LEE, ET AL.<br><br>Defendants. | Case No. 08cv1138-BTM (LSP)<br><br>NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS |

TO:   Estate of Henrietta C. Visbeek a/k/a Henrietta C. Lee (herein "Estate")

A lawsuit has been commenced against you. A copy of the Complaint, the Declaration of Taking, Notice of Condemnation and Notice of Deposit of Estimated Just Compensation is attached to this notice. They have been filed in the United States District Court for the Southern District of California and have been assigned docket number 08cv1138-BTM (LSP).

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 60 days after the date designated below as the date on which this Notice and Request is sent. I enclosed a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff.

Dated: July 1, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

s/ Sandra B. Riggs

Sandra B. Riggs
Special Assistant United States Attorney
Sandra.Riggs2@usdoj.gov

## WAIVER OF SERVICE OF SUMMONS

TO:   Sandra B. Riggs, Special Assistant United States Attorney

The Estate of Henrietta C. Visbeek a/k/a Henrietta C. Lee by and through Ken Lorin, Trustee, acknowledge receipt of your request that the Estate waive service of summons in the action of **USA v. 4.32 ACRES OF LAND, MORE OR LESS, SITUATE IN IMPERIAL COUNTY, STATE OF CALIFORNIA; AND HENRIETTA C. VISBEEK A/K/A HENRIETTA C. LEE, ET AL.**, which is Case No. **08cv1138-BTM (LSP)** in the United States District Court for the Southern District of California. I have also received a copy of the complaint in the action, two copies of this instrument, the Declaration of Taking, the Notice of Condemnation, and the Notice of Deposit of the Estimated Just Compensation, together with a means by which I can return the signed waiver to you without cost to the Estate.

The Estate agrees to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that we be served with judicial process in the manner provided by Rule 4 and/or Rule 71.1.

The Estate will retain all defenses or objections to the taking and to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

DATED: July 1, 2008          ESTATE OF HENRIETTA C. VISBEEK
                             A/K/A HENRIETTA C. LEE

                             By: _Kenneth S. Lorin, Trustee_

                             Ken Lorin, CPA, Trustee

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received. Rule 71.1(e) of the Fed.R.Civ.P. requires that if the Estate has an objection or defense to the taking of the property described in the Complaint in Condemnation filed in this matter, it must file an answer within 20 days after being served with the notice. Thus by executing the waiver said 20 days is extended to 60 days; however, in the event the Estate has no objection or defense to the taking and/or fails to file an answer with the time provided, in the trial on compensation, the Estate may still present evidence on the amount of compensation to be paid and may share in the award.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>4.32 ACRES OF LAND, MORE OR LESS, SITUATE IN IMPERIAL COUNTY, STATE OF CALIFORNIA; and ESTATE OF HENRIETTA C. VISBEEK A/K/A HENRIETTA C. LEE, ET AL.<br><br>Defendants. | Civil No. 08cv1138-BTM (LSP)<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

n/a

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participant on this case:

THE ESTATE OF HENRIETTA VISBEEK, ET AL.
C/O KEN LORIN, TRUSTEE
4299 MACARTHUR BOULEVARD
NEWPORT BEACH, CA 92660

THE ESTATE OF ROY VISBEEK, ET AL.
C/O KEN LORIN, TRUSTEE
4299 MACARTHUR BOULEVARD
NEWPORT BEACH, CA 92660

IMPERIAL COUNTY TAX COLLECTOR
ATTN: COUNTY COUNSEL
940 WEST MAIN STREET
EL CENTRO, CA 92243

IMPERIAL IRRIGATION DISTRICT
JEFF GARBER, ESQ.
333 E. BARIONI BLVD.
IMPERIAL, CA 92251

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 3, 2008.

Tricia R. Lamb